```
                UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF MICHIGAN
                     SOUTHERN DIVISION
```

FILED - GR
March 12, 2009 3:55 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____cr_____/_____

Toran V. Peterson,              :
                                :       VERIFIED COMPLAINT
        Plaintiff,              :
v.                              :       New case____
                                :
                    150513      :
Cooper, John Doe, Patterson,    :       JURY TRIAL DEMANDED      1:09-cv-224
John Doe, Embry, Erica Huss,    :
Klinesmith, Willie Smith, and   :       Robert J. Jonker - U.S. District Judge
Patrica Caruso sued in there    :
indididual an Official          :       Hugh W. Brenneman - Magistrate Judge
Capacity.                       :
                                :
                                :
        Defendants.             :
_____:

## Preliminary Statement

   This is a civil rights action filed by Toran Peterson, a state prisoner for damages and injunctive relief under 42 U.S.C. § 1983, alleging excessive use of force, deliberate indifference to investigating and disciplining in violation of the Eighth Amendment to the U.S. Constitution and denial of access to the courts in violation of the First Amendment to the U.S. Constitution. Plaintiff also alleges the torts of assualt and battery, gross negligence, an intentional infliction of emotional distress.

## Jurisdiction

   1. The court has jurisdiction over the plaintiffs' claims of violation of federal constitutional rights under 42 U.S.C. § 1331 (a) and 1343.

   2. The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367.

## Parties

   3. The plaintiff, Toran Peterson, was incarcerated at Ionia Max. Corr. Fac. ("Ionia") 1576 W. Bluewater Hwy., Ionia, Mi 48846, during the events described in this complaint.

   4. Defendant Cooper is a Ruo. at Ionia Max. Corr. Fac. 1576 W. Bluewater Hwy., Ionia, Mi 48846. He's being sued in his individual an official capacity.

                    (150513 clock no.)
   5. Defendant Patterson is a Ruo. at Ionia Corr. Fac. at 1576 W. Bluewater Hwy., Ionia, Mi 48846. He's being sued in his individual an official capacity.

   6. Defendant Huss is the Assistant Deputy Warden at Ionia Max. Corr. Fac. at 1576 W. Bluewater Hwy., Ionia, Mi 48846. She's being sued in her individual an official capacity.

7. Defendant Willie Smith is the warden at Ionia Max. Corr. Fac. at 1576 W. Bluewater Hwy., Ionia, Mi 48846. He's being sued in his individual an official capacity.

8. Defendant John Doe is a Ruo. at Ionia Max. Corr. Fac. at 1576 Bluewater Hwy., Ionia, Mi 48846. He's being sued in his individual an official capacity.

9. Defendant Klinesmith is the Grievance Coordinator at Ionia Max. Corr. Fac. at 1576 W. Bluewater Hwy., Ionia, Mi 48846. She's being sued in her individual an official capacity.

10. Defendant John Doe is a Ruo. at Ionia Max. Corr. Fac. at 1576 W. Bluewater Hwy., Ionia, Mi 48846. He's being sued in his individual an official capacity.

11. Defendant Patrica Caruso is the Director of the MDOC at P.O. Box 30003, Lansing, Mi 48846. She's being sued in her individual an official capacity.

12. Defendant Embry is a Rum at Ionia Max. Corr. Fac. at 1576 W. Bluewater, Ionia, Mi 48846. He's being sued in his individual an official capacity.

13. All defendant's have acted, and continue to act, under color of state law at all times relevant to this complaint.

## Facts

14. On August 22, 2006 plaintiff was in administrative segregation in 2 unit cell 40.

15. On August 22, 2006 defendant's Cooper and Patterson came to the cell plaintiff was in to take him before the Security Classification Committee (SCC) Dykehouse, Def. Embry, and Huss.

16. When plaintiff went to sit Def. Cooper placed his hand on plaintiff's shoulder to which plaintiff started to say something but declined.

17. When plaintiff was getting up to leave Def. Cooper placed his hand on plaintiff's left shoulder once again.

18. Plaintiff with a calm demeanor an respectful tone told Cooper, You don't have to place your hand on my shoulder I'm no threat.

19. Cooper then justified his reason for placing his hand on plaintiff's shoulder.

20. Plaintiff with a calm demeanor an in a respectful manner and tone repeated what he previously said an added that Def. Cooper doesn't suppose to place his hand on plaintiff's shoulder period.

21. When Cooper and Patterson were escorting plaintiff back to the cell plaintiff was housed in Def. Patterson told Def. Cooper that he was going to pull plaintiff's arm's out of the foodslot.

22. Plaintiff had handcuffs on behind the back an ankle cuffs with a mini chain connecting from the hand cuffs to the ankle cuffs.

23. The procedure used by staff in uncuffing prisoners is as follows, once the prisoner is inside the cell staff pull the extra line of chain and connect it to the door to prevent a prisoner from keeping the chain.

24. Staff then push up the top foodslot, one officer hold's the upper slot while the other takes the anklecuffs off.

25. Once the anklecuffs are off one officer grabs ahold of the chain linking the hand an anklecuffs together and pull the anklecuffs out of the cell.

26. Once Def. Patterson had taken the anklecuffs off of plaintiff he proceeded to pull them out of the foodslot.

27. At no time when a prisoner is handcuff behind the back are the arms suppose to be pulled out of the foodslot.

### Excessive Force

28. When Patterson pulled the chain out he continued pulling until plaintiff's arms were completely out of the foodslot.

29. When Plaintiff's arms were pulled out of the slot his right shoulder popped and plaintiff screamed out of pain, my shoulder what are you doing.

30. Defendant's Patterson and Cooper pulled the chains while plaintiff screamed about his shoulder.

31. Defendant's Doe and Doe ran down an one on each arm penned plaintiff's arms down on the foodslot as plaintiff was screaming about his shoulder.

32. At no time did plaintiff resist or get hostile.

33. Defendant's Embry and Huss then came out of the dayroom and watched these defendant's and never intervened.

34. Plaintiff heard defendant's Embry and Huss speaking to one another during this incident.

35. The hand cuffs were then taken off of plaintiff, and plaintiff pulled his arms in when the two John Doe's released plaintiff's arms they all walked off laughing.

36. This unnecessary force was applied for approximately 3½ to 4 minutes.

37. Defendant's Doe and Doe are held liable where they knowingly acquiesced in unconstitutional conduct.

38. Defendant's Cooper, Patterson, Doe and Doe are held liable pursuant to there practice/custom of using unecessary force, excessive force, gross negligence, assualting of prisoner's by staff, an acquiescing in unconstitutional conduct where there is a widespread pattern of this at Ionia Max. Corr. Fac. in violation of the Eighth Amendment to the U.S. Constitution to be free from cruel and unusal punishment and excessive force.

39. As a direct result of this assault and battery, gross negligence, unnecessary an excessive force plaintiff's right shoulder continuously pops and plaintiff experiences a sharp pain in the joint of the shoulder where plaintiff use to enjoy exercising plaintiff can no longer do anything which will strain or place pressure on plaintiff's shoulder, all of which may be permanent.

40. Plaintiff's shoulder hurts so bad sometimes that it prevents plaintiff from sleeping.

41. Plaintiff suffers from mental anguish, anxiety, humiliation, shame, embarrassment, sleeplessness and grief.

42. The injury to plaintiff's shoulder may be of a permanent nature which may cause plaintiff to sustain future expenses for medication, medical care and treatment where plaintiff experiences pain in his shoulder in the present day limiting the things plaintiff can do and participate in.

43. Prior to this incident, Plaintiff enjoyed good health and was able to enjoy the recreational and social activities which were normal for a person of his age group; However, the injuries sustained in the incident have caused a cessation of these pleasues and in the future plaintiff's participation may continue to be limited due to the permanency of his injuries.

## Exhaustion of Administrative Remedies

44. Plaintiff filed a grievance to step one requesting that the video be reviewed during the time of the incident (1500/1600hrs.).

45. Def. Embry was assigned to investigate.

46. Embry solely addressed def. Cooper placing his hand on plaintiff's shoulder.

47. If after an investigation is done an it is found that a grievance in which a prisoner has filed is found to be untrue, since the employee could've been disciplined the prisoner may receive a misconduct.

48. Plaintiff never received a misconduct.

49. Plaintiff made his second request for a step 2 form on September 21, 2006.

50. On September 25, 2006 plaintiff received def. Klinesmith's response stating that she sent the step 2 form already on September 21, 2006 (view Appendix 1).

51. On Sep. 25, 2006 Plaintiff sent def. Klinesmith a third request stating that he never received the step two form.

52. Plaintiff received Klinesmith's response on Sep. 29, 2006 stating that it was sent on Sep. 21, 2006 (view Appendix 2).

53. Plaintiff was without his paper items from Oct. 6, 2006 until Nov.

16, 2006.

54. When plaintiff was given his paper items back he immediately sent for copies of the attempts to get a step two form.

55. When plaintiff received the copies plaintiff filled out a step one grievance form and sent it as a step three with the original step one to step three explaining the cause for it being sent written on a step one form and the cause for the delay (view Appendix 3).

56. Manager of Prisoner Affairs James Armstrong sent the grievances back stating that a step 2 grievance and response has to be presented (view Appendix 4).

57. Plaintiff received this on Feb. 9, 2007.

58. Plaintiff not exhausting his administrative remedies is in no way his fault.

59. Plaintiff went out of his way trying to exhaust his administrative remedies.

60. Defendant Klinesmith actions in refusing plaintiff a step two form was done with the sole purpose to deny plaintiff access to the court for redress of his grievance where its known that a prisoner must exhaust his administrative remedies before filing suit.

61. Defendant's Embry, Huss, and Klinesmith's duty's were to investigate an ensure that a thorough investigation was done.

62. Def. Embry and Huss are held liable where they implicitly authorized, approved, and knowingly acquiesced in the unconstitutional conduct of Cooper, Doe, Patterson, and Doe by there failure to intervene, discipline, or reprimand them, constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

63. Defendant's Embry and Huss are held liable pursuant to there policy of inaction, practice/custom of condoning and tolerating unnecessary force, excessive force, an assualting and battering of prisoner's by staff which constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

64. Defendant's Embry, Huss, and Klinesmith are held liable where they implicitly authorized, approved, and knowingly acquiesced in the unconstitutional conduct of Cooper, Doe, Patterson, and Doe by there failure to investigate/investigated and seen that plaintiff's claims were true after they viewed the video and decided to cover up for Cooper, Doe, Patterson, and Doe's actions instead of taking disciplinary actions constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

65. These defendant's are being held liable pursuant to there policy of inaction, practice/custom of failing to investigate claims using the video/investigating by reviewing the video and deciding to cover up violators actions instead of punishing the violator therefore implicitly authorizing, approving, and knowingly acquiescing in unconstitutional conduct and condoning

assaults and the use of unnecessary an excessive force on prisoners by staff and failing to punish those responsible in effect ratifying their actions constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

66. These defendant's are being liable pursuant to there policy of inaction, practice/custom in failing to investigate and severally punishing thoughs in violation or reprimanding them which was the cause of the assault/excessive force on plaintiff which constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

67. Defendant Smith is held liable pursuant to his policy of inaction, practice/custom in failing to Control and govern the institution, ensuring that department standards of humane treatment are met, ensuring compliance with department policy, an investigating and discipling where he knows or should've known an acted on the numerous assaults on prisoners by staff, his failure constitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

68. Defendant Smith is held liable pursuant to his policy of inaction, practice/custom of deliberate indifference where he knows of the widespread pattern by his subordinates of assualting prisoners but condon it thereby implicitly authorizing, approving, and knowingly acquiescing in unconstitutional conduct in violation of the Eighth Amendment to the U.S. Constitution.

69. Defendant Caruso is held liable pursuant to her policy of inaction, practice/custom in failing to supervise, provide adequate supervision, training, and controling the affairs of the MDOC which was the cause of the assault on plaintiff where she should've known an acted on the widespread pattern of assaults on prisoner's by staff which contitutes deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution.

70. Director of the MDOC Patrica Caruso has a policy of inaction, practice/custom of deliberate indifference where she knew or should've known an acted on the widespread violation's by her subordinates of condoning and tolerating assualts on prisoner's by staff, failing to investigate/investigating and covering up violator's actions, and failing to punish/discipline in violation of the Eighth Amendment to the U.S. Constitution.

71. Defendant's Smith an Caruso are held liable where there policy of inaction, practice/custom of deliberate indifference was the cause of the assualt and battery, and the unnecessary an excessive force on plaintiff in violation of the Eighth Amendment to the U.S. Constitution.

72. Had defendant's Cooper, Doe, Patterson, and Doe knew that they would be fired and prosecuted (from a previous pattern) they may've never engaged in such conduct an there wouldn't be so many assaults on prisoner's by staff.

73. Each defendant named herein is held liable where they know of but condon and tolerate assaults on prisoner's by staff an implicitly authorize, approve, and knowingly acquiesce in the unconstitutional conduct pursuant to there policy of inaction, practice/custom of deliberate indifference in violation of the Eighth Amendment to the U.S. Constitution which in turn encourages staff to persist in there assualting of prisoners because they know they won't be

disciplined.

74. The actions of defendant's Cooper, Patterson, Doe, Embry, Doe, and Huss, in using physical force against plaintiff without need or provocation/ in implicitly authorizing, approving, and knowingly acquiescing in the unnecssary force, was not done in a good faith effort to maintain or restore discipline but was done maliciously and sadistically intentionally trying and causing harm to plaintiff constitutes the Eighth Amendment to the U.S. Constitution to be free from cruel and unusual punishment an excessive force.

75. The actions of defendant's Cooper, Doe, Patterson, and Doe in using unnecessary an excessive force against plaintiff without need constitutes the torts of assualt and battery under the law of MCLA 750.81, gross negligence under the law of MCLA 691.1407 (2) an intentional infliction of emotional distress under the law of MCLA 418.131 (1).

76. The actions of Klinesmith in refusing to send plaintiff a step 2 grievance constitutes denied of access to the courts in violation of the First Amendment of the U.S. Constitution for redress of grievances.

## Relief Requested

WHEREFORE plaintiff requests that the court grant the following relief:

A. Issue an injunction ordering:

   1. That plaintiff's shoulder pain be attended to immediately by a qualified physician;

   2. Carry out without delay the treatment directed by such medical practitioner.

B. Award compensatory damages in the following amounts:

   $475,000 jointly and severally against defendants Cooper, Doe, Patterson, and Doe, for the physical and emotional injuries sustained as a result of the assualt and battery on plaintiff.

   2. $30,000 jointly and severally against defendants Embry, Huss, and Klinesmith for there failure to investigate, discipline, reprimand, and there practice/customs.

   3. $50,000 jointly and severally against defendant's Smith and Caruso for there policy of inaction, practice/customs.

C. Award punitive damages in the following amounts:

   1. $156,000 each against defendants Cooper, Doe, Patterson, and Doe;

   2. $15,000 each against defendants Embry, Huss, and Klinesmith;

   3. 25,000 each against defendants Smith and Caruso.

D. Grant such other relief as it may appear that plaintiff is entitled.

Dated: 3-18-09

Respectfully submitted,

*Toran Peterson*
Toran Peterson 318935
1576 W. Bluewater Hwy.
Ionia, MI 48846

### VERIFICATION

I Toran Peterson, hereby declare under penalty of perjury that the within statements are **true and correct**. Furthermore this "verification" is being submitted an effected pursuant to William v Browman, 931 F2d 901, 905 (6th Cir. 1992), with the expressed understanding said raises the statements of this complaint to the standing of an Affidavit to oppose any an all affidavits submitted by the defendants to support a motion for summary judgment.

Subscribed and sworn to before
me on

*Kristen Sveidle*
Notary Public

*Toran Peterson*
Toran Peterson 318935
Ex. under 28 U.S.C. 1746
3-6-09

KRISTEN L. SCHEIDLER
NOTARY PUBLIC, STATE OF MI
COUNTY OF BRANCH
MY COMMISSION EXPIRES Sep 8, 2013
ACTING IN COUNTY OF Lenawee