UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TORAN V. PETERSON,

        Plaintiff,                              Case No. 1:09-cv-224

v.                                                  Honorable Robert J. Jonker

UNKNOWN COOPER et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* amended complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint for failure to state a claim against Defendants Patricia Caruso, Willie Smith and (unknown) Klinesmith. The Court will also dismiss Plaintiff's failure to investigate and conspiracy claims against (unknown) Huss and (unknown) Embry for failure to state a claim. The Court will serve the Eighth Amendment excessive use of force claim against Defendants (unknown) Cooper, (unknown)

Patterson, (unknown) Huss and (unknown) Embry. The Court will also serve the state law claims against Defendants (unknown) Cooper and (unknown) Patterson.

## Discussion

I. Factual allegations

Plaintiff Toran Peterson presently is incarcerated at the Ionia Maximum Correctional Facility (ICF). In his *pro se* amended complaint, Plaintiff sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and the following ICF employees: Resident Unit Officers (unknown) Cooper, (unknown) Patterson, and two John Does; Assistant Deputy Warden (unknown) Huss; Warden Willie Smith; Resident Unit Manager (unknown) Embry; and Grievance Coordinator (unknown) Klinesmith.

First, Plaintiff alleges that Defendants Cooper, Patterson, Embry and Huss and the two John Doe Defendants violated his Eighth Amendment rights by engaging in the excessive use of force. (Attach. to Am. Compl. at ¶¶38, 74, docket #10.) On August 22, 2006, Defendants Cooper and Patterson escorted Plaintiff to a Security Classification Committee meeting. At that time, Plaintiff was in hand cuffs and ankle cuffs with a chain that connected the ankle cuffs to the hand cuffs. While returning Plaintiff to his cell, Patterson allegedly told Cooper that he was going to pull Plaintiff's arm out of the foodslot. (*Id.* at ¶21.) At Plaintiff's cell, Defendant Patterson removed Plaintiff's ankle cuffs. Defendant Patterson then began pulling the hand cuffs and chain through the foodslot until Plaintiff's arms were completely out of the foodslot. Plaintiff's right shoulder popped and Plaintiff screamed. Nevertheless, Defendants Patterson and Cooper continued pulling the chain while Plaintiff screamed in pain. Instead of helping Plaintiff, the two John Doe Defendants ran to Plaintiff's cell and pinned Plaintiff's arms in the foodslot. Defendants Embry and Huss watched the

incident but did not intervene. Soon thereafter, the hand cuffs were removed from Plaintiff's wrists. Because of the foodslot incident, Plaintiff experienced sharp pains in his shoulder and his shoulder continuously pops. Plaintiff can no longer exercise and he has trouble sleeping. Plaintiff also suffers from "mental anguish, anxiety, humiliation, shame, embarrassment, sleeplessness and grief." (*Id.* at ¶41.)

Approximately a week later, Plaintiff filed a Step I grievance for the August 22, 2006 incident. (App. 3 to Am. Compl., docket #10.) Plaintiff also requested that the surveillance video be reviewed. Defendant Embry investigated Plaintiff's claims related to the August 22, 2006 incident but failed to address all of Plaintiff's claims. It is unknown from Plaintiff's amended complaint whether Plaintiff received a Step I grievance response. Plaintiff eventually attempted to file a Step II grievance. After several unsuccessful requests to obtain a Step II grievance form from Defendant Klinesmith, Plaintiff filed his grievance directly to Step III. Plaintiff's Step III grievance was rejected because Plaintiff failed to properly submit Step I and II grievances. (App. 4 to Am. Compl.) Because Defendant Klinesmith did not provide Plaintiff with a Step II grievance form, Plaintiff alleges that Defendant Klinesmith violated his First Amendment right to access the courts for redress of his grievance. (Attach. to Am. Compl. at ¶60.)

Third, Plaintiff claims that Defendants Embry, Huss and Klinesmith violated his Eighth Amendment rights for failing to investigate Plaintiff's claims after viewing the surveillance video and implicitly authorizing, approving and acquiescing in the unconstitutional conduct of Defendants Cooper and Patterson and the two John Doe Defendants. (*Id.* at ¶64.)

Fourth, Plaintiff alleges a conspiracy claim against Defendants Embry, Huss and Klinesmith because they supposedly covered up the unconstitutional conduct of Defendants Cooper and Patterson and the two John Doe Defendants. (*Id.*)

Fifth, Plaintiff argues that Defendants Caruso and Smith violated Plaintiff's Eighth Amendment rights by failing to protect him when Caruso and Smith knew of the "widespread pattern" of assaults by staff on prisoners and implicitly authorized such conduct pursuant to a "policy of inaction." (*Id.* at ¶¶67-71.)

Finally, Plaintiff alleges the following state law claims against Defendants Cooper and Patterson and the two John Doe Defendants: assault and battery, gross negligence and intentional infliction of emotional distress. (*Id.* at ¶75.)

Plaintiff seeks injunctive relief and compensatory and punitive damages.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct.

at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

A. **Failure to Act**

Plaintiff argues that Defendants Embry, Huss and Klinesmith failed to investigate Plaintiff's claims regarding the August 22, 2006 incident after viewing the surveillance video and implicitly authorized, approved and acquiesced in the unconstitutional conduct of Defendants Cooper and Patterson and the two John Doe Defendants. Plaintiff also asserts that Defendants Smith and Caruso are liable for their policies of inaction when they should have known of the widespread pattern of assaults by staff on prisoners.

Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978);

*Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Embry, Huss, Klinesmith, Smith and Caruso engaged in any active unconstitutional behavior. Therefore, Plaintiff fails to state a claim.

B. **Conspiracy**

Plaintiff alleges that Defendants Embry, Huss and Klinesmith conspired to cover-up Defendants Cooper, Patterson and the two John Doe Defendants unconstitutional actions with regards to the August 22, 2006 incident. To state a claim for conspiracy, a plaintiff must plead with particularity, as vague and conclusory allegations unsupported by material facts are insufficient. *Twombly*, 550 U.S. at 565 (recognizing that allegations of conspiracy must be supported by allegations of fact that support a "plausible suggestion of conspiracy," not merely a "possible" one); *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008); *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996). A plaintiff's allegations must show (1) the existence or execution of the claimed conspiracy, (2)

overt acts relating to the promotion of the conspiracy, (3) a link between the alleged conspirators, and (4) an agreement by the conspirators to commit an act depriving plaintiff of a federal right. *Lepley v. Dresser*, 681 F.Supp. 418, 422 (W.D. Mich. 1988). "[V]ague allegations of a wide-ranging conspiracy are wholly conclusory and are, therefore, insufficient to state a claim." *Hartsfield v. Mayer*, No. 95-1411, 1196 WL 43541, at *3 (6th Cir. Feb. 1, 1996). A simple allegation that defendants conspired to cover up wrongful actions or had a policy to allow such actions is too conclusory and too speculative to state a claim of conspiracy. *Birrell v. State of Mich.,* No. 94-2456, 1995 WL 355662, at *2 (6th Cir. June 13, 1995). Plaintiff's allegations of conspiracy are vague, conclusory and speculative. Accordingly, he fails to state a claim against Defendants Embry, Huss and Klinesmith for conspiracy.

      C.     **Rejection of Grievance**

Plaintiff alleges that Defendant Klinesmith violated his rights by preventing him from exhausting his administrative remedies, and, thus, depriving him of his right to access the courts.

Plaintiff has no due process right to file a prison grievance. The Sixth Circuit and other circuit courts have held that there is no constitutionally protected due process right to an effective prison grievance procedure. *Walker v. Mich. Dep't of Corr.,* 128 F. App'x 441, 445 (6th Cir. 2005); *Young v. Gundy,* 30 F. App'x 568, 569-70 (6th Cir. 2002); *Carpenter v. Wilkinson,* No. 99-3562, 2000 WL 190054, at *2 (6th Cir. Feb. 7, 2000); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona,* 461 U.S. 238, 249 (1983); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994). Because

Plaintiff has no liberty interest in the grievance process, Defendant's conduct did not deprive him of due process.

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file an institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343 (1996); *Bounds v. Smith*, 430 U.S. 817, 821-24 (1977). The exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. In light of the foregoing, the Court finds that Plaintiff fails to state a cognizable claim regarding the failure of Defendant Klinesmith to provide Plaintiff with a Step II grievance form.

        D.      **Eighth Amendment - Failure to Protect**

Plaintiff alleges that Defendants Caruso and Smith violated his Eighth Amendment rights by failing to protect him when they knew of the widespread pattern of assaults by staff on prisoners and implicitly authorized such conduct pursuant to a "policy of inaction." (Attach. to Am. Compl. at ¶¶67-71, docket #10.) The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958). The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Eighth

Amendment places restraints on prison officials so that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer,* 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)).

When determining whether a prison official's conduct falls below this standard, the Court employs a two-prong test containing an objective and a subjective component. The objective component considers whether the alleged deprivation was sufficiently serious, whereas the subjective component examines the official's state of mind to determine whether he acted with "deliberate indifference" to inmate health or safety. *Id*.

With respect to the objective prong of the analysis, contemporary standards of decency determine whether conditions of confinement are cruel and unusual. *See Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004) (citing *Rhodes*, 452 U.S. at 346). Contemporary standards of decency are violated only by "extreme deprivations" which deprive the prisoner of the "minimal civilized measure of life's necessities." *Hadix*, 367 F.3d at 525 (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

If the objective test is satisfied, the Court must then determine whether the prison official acted with a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834. In other words, was the official deliberately indifferent to Plaintiff's health or safety. *Id*. However, the Eighth Amendment is not implicated where prison officials simply acted with negligence. *See Perez v.*

*Oakland County*, 466 F.3d 416, 423 (6th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). In sum, to establish that the prison official acted with deliberate indifference, Plaintiff must "present evidence from which a trier of fact could conclude that the official 'was subjectively aware of the risk and disregard [ed] that risk by failing to take reasonable measures to abate it.'" *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (quoting *Farmer*, 511 U.S. at 829, 847).

Plaintiff has failed to demonstrate that Defendants Caruso and Smith acted with deliberate indifference towards his safety. Plaintiff cannot state a violation of the Eighth Amendment on his failure to protect claim without alleging that Defendants Caruso and Smith were deliberately indifferent to a specific, known risk to his safety. *Farmer*, 511 U.S. at 833; *Knight v. Gill*, 999 F.2d 1020, 1022 (6th Cir. 1993); *Gant v. Campbell*, No. 00-5639, 2001 WL 132337, at *2 (6th Cir. Feb. 6, 2001). While Plaintiff alleges that Defendants generally knew of the "widespread pattern" of assaults by staff on prisoners, he does not state any facts that Defendants Caruso and Smith knew of any specific risk to Plaintiff's safety. (Attach. to Am. Compl. at ¶67-71, docket #10.) Plaintiff does not allege that Defendants Cooper, Patterson, Embry and Huss and the two John Doe Defendants had attempted to physically assault him in the past or had a history of assault on other prisoners. Thus, Plaintiff cannot show that Defendants Caruso and Smith violated his Eighth Amendment rights by failing to protect him from Defendants Cooper, Patterson, Embry and Huss and the two John Doe Defendants. *See Lewis v. McClennan,* 7 F. App'x 373, 375 (6th Cir. 2001) (Plaintiff failed to establish an Eighth Amendment claim when he only alleged a hypothetical risk of danger to his safety prior to the attack); *Ross v. Parke,* No. 88-5365, 1988 WL 104933, at *1 (6th Cir. Oct. 11, 1988) (Plaintiff did not establish a failure to protect claim under the Eighth Amendment

when defendants did not know nor were they informed by plaintiff that another inmate was a potential assailant.)

     E.    **Service**

At this stage of the proceedings, Plaintiff has sufficiently stated allegations to support an Eighth Amendment excessive use of force claim against Defendants Cooper, Patterson, Embry and Huss[1] for their actions in the August 22, 2006 incident. Because Plaintiff has sufficiently alleged an Eighth Amendment claim against those Defendants, this Court will also order service of Plaintiff's state law claims of assault and battery, gross negligence and intentional infliction of emotional distress against Defendants Cooper and Patterson.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action against Defendants Patricia Caruso, Willie Smith, and (unknown) Klinesmith will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court also determines that Plaintiff's claims against (unknown) Huss and (unknown) Embry for failure to investigate and conspiracy will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court, however, will serve the Eighth Amendment excessive use of force claim against Defendants (unknown) Cooper, (unknown) Patterson, (unknown) Huss and (unknown) Embry. The Court will also serve the state law claims against Defendants (unknown) Cooper and (unknown) Patterson.

---

[1] The Court lacks sufficient information to order service on the two John Doe Defendants at this time.

An Order consistent with this Opinion will be entered.


Dated:   August 10, 2009            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE