UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

    Plaintiff,

v.

UNKNOWN COOPER, et al.,

    Defendants.
_____/

CASE NO. 1:09-CV-224

HON. ROBERT J. JONKER

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 26) and Plaintiff Peterson's Objections to the Report and Recommendation (docket # 27). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends that summary judgment be granted as to Defendants Patterson, Embry, Huss, Cooper and the two "John Doe" Defendants, because Mr. Peterson did not properly exhaust his administrative remedies. (R. and R., docket # 26, 4-10.) Specifically, Mr. Peterson did not file a Step II Grievance in accordance with the MDOC grievance procedure. (*Id.* at 5.)

Mr. Peterson raises several objections to the Report and Recommendation, none of which is persuasive. Mr. Peterson contends that summary judgment is not appropriate primarily because his affidavit creates an unspecified genuine issue of material fact regarding the practical availability to him of a Step II grievance form. None of Mr. Peterson's objections changes the fundamental point that based even on his own statements, he failed to exhaust. Mr. Peterson concedes that he did not file a Step II grievance, but he claims that he was unable to do so because he could not obtain the necessary form. However, it is not sufficient for a prisoner to claim that the exhaustion requirement as to a particular grievance should be waived because he did not receive the proper form. *Jones v. Smith*, 266 F.3d 399, 400 (6th Cir. 2001). For the Court to determine that prison staff prevented a prisoner from exhausting a grievance, the prisoner also needs to show that there was no other source for the form and that he attempted to file the grievance without the form. *Id.* Mr. Peterson has not made such a showing. To the contrary, the record does reflect that Mr. Peterson attempted to exhaust some grievances regardless of the forms available. (*See* Resp. to Mot. to Dismiss and Mot. for Summ. J., docket # 24, Ex. 2.) By his own admission, he just failed

2

to do so here. The Magistrate Judge properly decided Defendants' Motion for Summary Judgment, and Mr. Peterson's objections do not change the analysis.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 26) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment (docket # 19 ) is **GRANTED** as to all federal claims against Defendants Patterson, Embry, Huss, Cooper and the two "John Doe" Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED** as to all Defendants because this Court declines to exercise supplemental jurisdiction over them now that all federal claims have been dismissed.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

**IT IS FURTHER ORDERED** that this action is **DISMISSED** in its entirety.


Dated:     September 17, 2010          /s/ Robert J. Jonker
                                       ROBERT J. JONKER
                                       UNITED STATES DISTRICT JUDGE