UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN V. PETERSON,

    Plaintiff,

Case No. 1:09-cv-224

Hon. Robert J. Jonker

v.

UNKNOWN COOPER, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on defendant Cooper and Patterson's Motion for summary judgment (docket no. 89).

**I.**    **Background**

Plaintiff's cause of action arose from an incident that occurred on August 22, 2006. "Peterson alleges that, while removing his hand and ankle cuffs, [defendants] Cooper and Patterson pulled his arms through the food slot in his cell door, causing him severe pain and injuring his right shoulder." *Peterson v. Unknown Cooper*, No. 10-2375, slip op. at p. 2 (6th Cir. Feb. 23, 2012). Plaintiff alleged that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, and committed various state torts including assault and battery, gross negligence, and intentional infliction of emotional distress. Amend. Comp. at ¶¶ 38 and 75 (docket no. 10 at pp. ID ## 71 and 75). Plaintiff alleged that defendants Cooper and Patterson caused him to suffer physical and emotional injuries, and seeks compensatory damages and punitive damages against those two defendants totaling $787,000.00. *Id.* at p. ID# 75. Plaintiff also seeks injunctive

relief in the form of treatment for his shoulder pain "by a qualified physician." *Id.* Defendants Cooper and Patterson seek summary judgment on the Eighth Amendment claim because plaintiff cannot meet the "physical injury" requirement under 42 U.S.C. § 1997e(e).

## II.     Motion for Summary Judgment

### A.     Legal Standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the

court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). However, the court is not bound to blindly adopt a non-moving party's version of the facts. "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### B. Discussion

Plaintiff's claim is barred by 42 U.S.C. § 1997e(e), which provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *See, e.g., Richmond v. Settles*, 450 Fed.Appx. 448, 453 (6th Cir. 2011) ("42 U.S.C. § 1997e(e) requires that a prisoner demonstrate actual physical injury to recover for violations of his Eighth Amendment rights"). Plaintiff has refused to provide defendants with a medical authorization necessary to review the medical records which would support plaintiff's claims of injury and damages, ignoring both discovery requests and a court order. Due to plaintiff's actions, the Court after adequate warning of the consequences granted defendants' motion to preclude plaintiff "from testifying or producing any evidence with respect to his medical condition, including any physical, mental or emotional injuries which he claims arose from the alleged use of excessive force in this action." Order (docket no. 110). Because plaintiff is barred from presenting any medical evidence to support his Eighth Amendment claims, he cannot meet the physical injury requirements of § 1997e(e). *See Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010) ("even though the physical injury required by § 1997e(e) for a § 1983 claim need not be significant, it must be

more than *de minimis* for an Eighth Amendment claim to go forward"). Accordingly, defendants' motion for summary judgment should be granted as to plaintiff's federal claim.

### III. Plaintiff's state law claims

The remainder of plaintiff's claims against defendants involve violations of Michigan state law. Here, the court exercised its supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367, presumably because those claims were intimately related to the alleged § 1983 violation. *See* 28 U.S.C. § 1367(a) ("the district court shall have supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form a part of the same case or controversy"). The dismissal of plaintiff's federal claim against defendants, however, requires the court to re-examine the issue of supplemental jurisdiction for state law claims against these defendants. Under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if the court "has dismissed all claims over which it has original jurisdiction." Thus, once a court has dismissed a plaintiff's federal claim, the court must determine whether to exercise, or not to exercise, its supplemental jurisdiction under § 1367. *See Campanella v. Commerce Exchange Bank*, 137 F.3d 885, 892-893 (6th Cir. 1998). As a general rule "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254-1255 (6th Cir. 1996). Here, the Court has rejected plaintiff's federal claims. There is no reason to retain supplemental jurisdiction over plaintiff's state law claims. Accordingly, the court should dismiss the state law claims asserted against defendants.

### IV.     Recommendation

I respectfully recommend that defendant Cooper and Patterson's motion for summary judgment (docket no. 89) be **GRANTED**, that his state law tort claims be **DISMISSED** and that this action be **TERMINATED**.


Dated:  February 3, 2015                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge



ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).